# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 2, 2013

No. 12-60552
Summary Calendar

Lyle W. Cayce
Clerk

KATARA TYLER BURTON,

Plaintiff-Appellant

v.

COAHOMA COMMUNITY COLLEGE,

Defendant-Appellee

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CV-129

---

Before WIENER, CLEMENT, and ELROD, and Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Katara Tyler Burton sued her former employer, Defendant-Appellee Coahoma Community College (the "College"), asserting employment discrimination claims under Title VII and the ADA. She also sought to have the college held vicariously liable for the acts of its employees and asserted state law claims for both intentional and negligent infliction of emotional distress. Burton now appeals the district court's dismissal of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60552

action in response to the College's motion under Rule 12(b)(6) for Burton's failure to state any claim on which relief may be granted. The gravamen of Burton's argument on appeal is that her reliance on equitable tolling to avoid the otherwise applicable time bars requires more factual development than that which the court had before it within only the four corners of her pleadings.

Even though Burton's contention might have merit under other circumstances, they are unavailing here. As patiently analyzed and explained in considerable detail by the district court's Memorandum Opinion of June 15, 2012, no additional facts, whether in pleadings or as might be adduced during the course of summary judgment practice, could rescue Burton's ADA and Title VII claims from the applicable statutes of limitation; neither could they salvage her claims grounded in infliction of emotional distress, whether intentional or negligent.

For essentially the same reasons the district court set forth in its aforesaid Memorandum Opinion, that court's dismissal of Burton's action with prejudice is, in all respects,

AFFIRMED.